UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE


| | |
|---|---|
| WILLIAM HAYES WYTTENBACH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:11-CV-136 |
| ) | (Phillips) |
| UTAH SUPREME COURT, ) | |
| COURT OF APPEALS OF UTAH, ) | |
| JUDGE JAMES SHUMATE, ) | |
| JUDGE RAND G. BEACHAM, ) | |
| JUDGE JOHN WALTON, ) | |
| RANITA MARIE PARISH, and ) | |
| JOHN/JANE ODES 1-2, ) | |
| ) | |
| Respondents. ) | |

### MEMORANDUM OPINION

Petitioner William Hayes Wyttenbach has filed a writ of mandamus in which he seeks to have this court order the Utah courts to grant him a hearing under the Uniform Child Custody Jurisdiction Enforcement Act. This matter is before the court on the respondents' motions to dismiss.

### I. Background

Petitioner has been involved in a custody dispute in the State of Utah. Judges Shumate, Beacham and Walton are all judges of the Utah Fifth Judicial District Court. Petitioner has named the Utah Supreme Court and the Utah Court of Appeals

apparently because he has filed petitions for extraordinary relief with those courts. Acting *pro se*, petitioner has filed a petition for writ of mandamus seeking this court to direct the Utah state courts in how they should handle proceedings under the Uniform Child Custody Jurisdiction Enforcement Act. Apparently petitioner is unhappy with the decisions issued by the Utah state courts and asks this court to intervene in the state proceedings regarding custody of petitioner's children.

## II. Writ of Mandamus

The writ of mandamus has been abolished by Federal Rule of Civil Procedure 81(b). However, under 28 U.S.C. § 1651 federal courts may issue all writs necessary or appropriate in aid of their respective jurisdictions, including writs in the nature of mandamus. *Youngblood v. United States,* 141 F.2d 912 (6th Cir. 1944). It is well settled that a federal court has no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *See Haggard v. State of Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970); *Clark v. Washington*, 366 F.2d 678, 681 (9th Cir. 1966). The only relief that petitioner seeks here is a writ of mandamus asking this court to direct the Utah state courts in how they should handle proceedings under the Uniform Child Custody Jurisdiction Enforcement Act. Therefore, the court lacks federal subject matter jurisdiction over plaintiff's claim for a writ of mandamus and on that basis the case must be dismissed. In addition, because petitioner's writ involves a custody order in the State of Utah, the court finds that the Younger abstention doctrine applies to preclude his claim.

### III. *Younger* **Abstention Doctrine**

Under the *Younger* abstention doctrine, federal courts abstain from becoming involved in state court actions when three criteria are met: (1) the underlying proceedings constitute an on-going state judicial proceeding; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise constitutional challenges during the course of the underlying proceedings. *Danner v. Board of Prof. Responsibility of The Tennessee Supreme Court,* 277 Fed.Appx. 575, 578 (6th Cir. May 6, 2008). Petitioner's claims involve pending child custody proceedings in the Utah state courts, so the first prong is met. Child custody proceedings involve important state interests. Federal courts cannot maintain suits when the matter in controversy involves child custody or issues of domestic relations. *Firestone v. Cleveland Trust Co.,* 654 F.2d 1212 (6th Cir. 1981). Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court.

> The field of domestic relations involves local problems peculiarly suited to state regulation and control, and peculiarly unsuited to control by federal courts. The whole subject of domestic relations of husband and wife, parent and child, belongs to the laws of the states and not to the laws of the United States.

*Id.* at 1215. The proceedings about which petitioner complains involved important state interests in that it is the state that addresses the relationship between parent and child, so the second prong is met. Third, petitioner has adequate opportunities to raise constitutional challenges in the state proceedings. He may appeal any decisions on those constitutional challenges to the Utah Court of Appeals, the Utah Supreme Court, and ultimately to the

3

United States Supreme Court. Therefore, the *Younger* abstention doctrine applies, and on that basis the case must be dismissed.

The respondents have raised several other bases for dismissal. However, because the court has found that it does not have subject matter jurisdiction over petitioner's claim, the court does not need to reach these other reasons for dismissal.

## IV. Conclusion

Accordingly, for the reasons discussed above, the respondents' motions to dismiss [Docs. 4,5] will be **GRANTED** and this case will be **DISMISSED.**

Petitioner's motion to consolidate this case with *Wyttenbach v. Texas Supreme Court, et al,* Civil Action No. 3:10-cv-315 [Doc. 3] is **DENIED AS MOOT.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge